UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LOVELL, as Personal Representative
of the Estate of Chase Lovell,

     Plaintiff,                                                    Case No. 1:22-cv-567

                                               HON. JANE M. BECKERING

v.

COUNTY OF KALAMAZOO, et al.,

     Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, alleging claims arising from the December 17, 2020 tragic death of Chase Lovell ("the decedent") while the decedent was a pretrial detainee at the Kalamazoo County Jail ("the Jail"). Plaintiff named the following eight Defendants: Kalamazoo County (the "County"), Kalamazoo County Sergeant Heather Mitcavish, and Kalamazoo County Deputies Thomas Jelsomeno, Chris Zywicki, Rebecca Dow, Brett Boven (collectively, the "County Defendants"); and Integrated Services of Kalamazoo ("ISK") and Lindsey O'Neil (collectively, the "ISK Defendants"). Both the ISK Defendants and the County Defendants filed motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), thoroughly setting forth the facts and applicable law and recommending that this Court (1) grant the ISK Defendants' motion for summary judgment as to Defendant ISK but deny the motion as to Defendant O'Neil, and (2) grant the County Defendants' motion for

summary judgment. The matter is presently before the Court on objections to the Report and Recommendation filed by Defendant O'Neil and Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(3), and this Court's Local Rule 72.3(b), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections.

## Legal Standard

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.* "Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof." *Id.*

Objections must address the "factual and legal" issues "at the heart of the parties' dispute" to enable review by the district court. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). *See also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("[O]bjections [must] be specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious."). Objections that dispute only the general correctness of the report and recommendation are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard, supra*). Similarly, objections that restate arguments already presented to the magistrate judge are generally improper. *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). *See also Brown v. City of Grand Rapids, Mich.*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection

2

that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."). Last, merely incorporating arguments from previously filed documents, without directing the Court's attention to specific issues decided by the Magistrate Judge, does not constitute a valid objection to a magistrate judge's report and recommendation. *See Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994).

The United States Supreme Court has pointed out that absent such requirements, the district court would be forced to review "every issue in every case, no matter how thorough the magistrate's analysis." *Thomas v. Arn*, 474 U.S. at 147–48 (opining that the Sixth Circuit's decision to require the filing of objections in the case before it was supported by "sound considerations of judicial economy"). The Sixth Circuit has similarly observed that where a party files an objection that is not sufficiently specific, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard*, 932 F.2d at 509.

## Defendant O'Neil's Objections

At the time relevant to the events in this case, Defendant O'Neil, a licensed social worker, supervised the corrections recovery unit at ISK, which includes a mental health services program at the Jail. Plaintiff alleges that in violation of the Fourteenth Amendment Due Process Clause, O'Neil was deliberately indifferent to the decedent's serious mental health needs before his death by suicide. Defendant O'Neil moved for summary judgment, arguing that she was entitled to qualified immunity. The Magistrate Judge recommends that this Court deny her motion (R&R, ECF No. 99 at PageID.4347). Based on his review of the record, the Magistrate Judge determined

3

that a genuine issue of material fact exists with respect to the objective element of Plaintiff's deliberate-indifference claim, *i.e.*, whether the decedent suffered from psychological needs that led him to have suicidal tendencies on December 6, 2020 (*id.* at PageID.4342). And the Magistrate Judge determined that Plaintiff presented sufficient evidence to demonstrate that genuine issues of material fact exist with respect to Defendant O'Neil's subjective intent, *i.e.*, whether Defendant O'Neil believed that a strong likelihood existed that the decedent would commit suicide and whether she responded to the risk in an unreasonable way (*id.* at PageID.4346). Defendant O'Neil presents three objections to the Report and Recommendation.[1]

*First*, Defendant O'Neil argues that the Magistrate Judge erroneously analyzed the subjective component of Plaintiff's deliberate-indifference claim (Obj., ECF No. 100 at PageID.4364, 4378, 4382–4386). Defendant O'Neil's objection lacks merit. The Magistrate Judge thoroughly recited the applicable law, the parties' arguments, and the record evidence relevant to this element of Plaintiff's claim (R&R, ECF No. 99 at PageID.4336–4337, 4342–4346). Defendant O'Neil's objection, which delineates the evidence in her favor, merely demonstrates her disagreement with the result but not any factual or legal error in the Magistrate Judge's analysis. For example, Defendant O'Neil emphasizes that she did not know that the decedent had tried to commit suicide that same month, that she knew only that the decedent had previously attempted suicide; however, her argument does not reveal error in the Magistrate Judge's ultimate conclusion that reasonable minds could differ on whether Defendant O'Neil nonetheless responded to the risk in an unreasonable way. The function of the court is not "'to weigh the evidence and

---

[1] Plaintiff did not file any response to Defendant O'Neil's objections but included within his own objections to the Magistrate Judge's resolution of the County Defendants' motion for summary judgment his opinion that "the magistrate judge's report and recommendation properly found the existence of a question of material fact regarding Plaintiff's deliberate indifference claims against Defendant O'Neil" (ECF No. 101 at PageID.4431).

determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  Plaintiff's first objection is denied.

**Second**, Defendant O'Neil briefly argues that the Magistrate Judge did not properly analyze the "clearly established" prong of the qualified-immunity inquiry where the Magistrate Judge "assum[ed] the right at issue was clearly established at too high a level of generality" (Obj., ECF No. 100 at PageID.4364, 4378, 4387–4388).  Defendant O'Neil emphasizes that "there is no right to a *correct* suicide screening in jail" (*id.* at PageID.4388) (emphasis supplied by Defendant O'Neil).

Defendant O'Neil's second objection lacks merit.

To demonstrate that Defendant O'Neil was not entitled to qualified immunity, Plaintiff is required to show that (1) O'Neil violated the decedent's constitutional rights and that (2) those rights were "clearly established" at the time of the challenged conduct—meaning the caselaw would have made clear to O'Neil that her conduct "was unlawful in the situation [s]he confronted." *See Campbell v. Riahi*, 109 F.4th 854, 860 (6th Cir. 2024) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (internal quotations marks omitted)).  Plaintiff does not need to point to a case "on all fours" with the instant fact pattern; rather, "[c]ases must only be sufficiently analogous to ensure that a 'reasonable official would understand' that she is violating the right in question." *See Finley v. Huss*, 102 F.4th 789, 808 (6th Cir. 2024) (citation omitted).

Here, the Magistrate Judge relied on the Sixth Circuit's decision in *Lawler ex rel. Lawler v. Hardeman County*, 93 F.4th 919 (6th Cir. 2024), and applied the general principles from *Farmer v. Brennan*, 511 U.S. 825, 844 (1994), which the *Lawler* Court held were "the only clearly established law in 2018" applicable to claims of pretrial detainees (R&R, ECF No. 99 at

PageID.4337–4338).   Under *Farmer*, the subjective prong requires the inmate to show that the defendant "knew of the facts creating the substantial risk of serious harm[,] ... believed that this substantial risk existed ... [a]nd ... 'responded' to the risk in an unreasonable way." *Farmer*, 511 U.S. at 837, 844.

While Defendant O'Neil seeks a more specific case, her objection does not reveal error by the Magistrate Judge.   Rather, in the deliberate-indifference context, the Sixth Circuit has held that "deliberate indifference's subjective-culpability requirement arguably plays a role in choosing the appropriate level of generality for a given right." *Finley*, 102 F.4th at 810.   According to the Sixth Circuit, "[r]elatively broad yet deep-rooted rights, such as the right to psychiatric care, are enough to place already culpable officials on notice that their actions were not only wrong but also unlawful." *Id.*   In reviewing cases that "show that prison officials violate the Constitution by failing to take appropriate action to protect inmates under their care who suffer from known severe psychiatric disorders," the Sixth Circuit concluded that "[a]ny reasonable person would know that if it is unconstitutional to fail to step in and address known risks, it is also unconstitutional to affirmatively and knowingly worsen those risks." *Id.* at 810–11 (ultimately concluding that the defendant-prison officials were not entitled to qualified immunity and should not have been "caught off guard" that the general principles from its prior cases "apply even in the context of placing mentally ill inmates in dangerous forms of solitary confinement").   Defendant O'Neil's objection therefore demonstrates her disagreement with the result but not any legal error in the Magistrate Judge's qualified-immunity analysis.

***Third***, Defendant O'Neil argues that the Magistrate Judge failed to engage in the gatekeeping function required by *Daubert* and Federal Rule of Evidence 702 regarding the expert testimony upon which Plaintiff relies (Obj., ECF No. 100 at PageID.4364, 4378, 4389–4393).

Attempting to frame the issue as one about the "reliability" of the opinion proffered by Plaintiff's expert, Gerald Shiener, M.D., Defendant O'Neil argues that "Dr. Shiener's opinions are inadmissible because he usurps the role of the jury and opines on the ultimate issues including witness credibility" (*id.* at PageID.4389).

Defendant O'Neil's objection lacks merit.

Under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993), district courts perform a "gatekeeper" function, ensuring that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *See id.* at 589–93 (identifying a non-exhaustive list of factors that assist the district courts, including whether a theory has gained general acceptance by the scientific community and whether an expert's conclusion follows from its premise). Here, however, the Magistrate Judge accurately determined that Defendant O'Neill's issue with Dr. Shiener's testimony implicated the expert's credibility, not the admissibility of his opinion. The Magistrate Judge properly determined that it was up to the jury to evaluate and weigh the credibility of the competing experts in this case (R&R, ECF No. 99 at PageID.4347, citing *Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005)). *See also* FED. R. EVID. 704 ("An opinion is not objectionable just because it embraces an ultimate issue."). Defendant O'Neil's third objection is properly denied.

## Plaintiff's Objections

The Magistrate Judge recommends that this Court grant the County Defendants' motion for summary judgment as to the individual Defendants—Deputy Zywicki (R&R, ECF No. 99 at PageID.4350), Sgt. Mitcavish (*id.* at PageID.4351), and Deputies Jelsomeno, Dow and Boven (*id.* at PageID.4353)—as well as the County itself (*id.* at PageID.4355–4358). Plaintiff indicates that

he objects to the Magistrate Judge's resolution of his claim against Deputy Zywicki and his *Monell*[2] claim against the County.[3]

> **First**, regarding Deputy Zywicki, Plaintiff makes the conclusory assertion that the Magistrate Judge failed to view the evidence in the light most favorable to him and that the Magistrate Judge should have found a question of material fact regarding the subjective prong of his deliberate-indifference claim against Deputy Zywicki (Obj., ECF No. 101 at PageID.4431–4432).  Plaintiff does not otherwise develop his assertion.  Instead, his "objection" to the Report and Recommendation is merely a verbatim duplication of his brief in response to the County Defendants' motion for summary judgment.  *Compare* Obj., ECF No. 101 at PageID.4432–4447, *with* Resp., ECF No. 91 at PageID.3041–3054.  In the more than ten pages submitted, Plaintiff provides zero references to the Magistrate Judge's analysis and does not specify the portions of the Report and Recommendation to which objections are made, contrary to this Court's Local Rule and case law disfavoring duplicative efforts by magistrate and district court judges.  In short, Plaintiff's objection fails to identify—let alone demonstrate—any factual or legal error by the Magistrate Judge in resolving the claim against Deputy Zywicki.

> In any event, there is no merit to Plaintiff's assertion that the Magistrate Judge improperly analyzed the evidence.  The Magistrate Judge properly set forth the standard for resolving a motion for summary judgment (R&R, ECF No. 99 at PageID.4332–4333), and as the County Defendants

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[3] In a footnote, Plaintiff also summarily "urges this Court, for the reasons provided in Plaintiff's response (ECF No. 91) [to the County Defendants' motion for summary judgment] to reconsider the magistrate judge's recommendation to grant summary disposition on the [other remaining] claims and/or Defendants" (Obj., ECF No. 101 at PageID.4411–4412, n.1).  Plaintiff's request is misplaced.  As noted, merely incorporating prior arguments, without directing the Court's attention to specific issues decided by the Magistrate Judge, does not constitute a valid objection to the Magistrate Judge's Report and Recommendation.

detail more fully in their response (ECF No. 104 at PageID.5733–5744), a trial court may properly conclude that the evidence is so one-sided that one party must prevail as a matter of law.  *See U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (relying on *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson, supra,* at 247–48 (emphases in original).  Plaintiff's first objection is properly denied.

**Second**, Plaintiff disagrees with the Magistrate Judge's resolution of his *Monell* claim against the County (Obj., ECF No. 101 at PageID.4452).  However, Plaintiff's "objection" to the Magistrate Judge's resolution of his *Monell* claim is again merely a verbatim duplication of his brief in response to the County Defendants' motion for summary judgment.  *Compare* Obj., ECF No. 101 at PageID.4447–4452, *with* Resp., ECF No. 91 at PageID.3062–3067.  He does not specify the portions of the Report and Recommendation to which objections are made, precluding meaningful review by this Court.  Plaintiff's objection is therefore properly denied.

Accordingly, having denied the pending objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 100 & 101) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 99) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the ISK Defendants' Motion for Summary Judgment (ECF No. 84) is GRANTED as to Defendant ISK, which is TERMINATED from this action, and DENIED as to Defendant O'Neil, against whom this action proceeds.

9

**IT IS FURTHER ORDERED** that the County Defendants' Motion for Summary Judgment (ECF No. 88) is GRANTED, and Defendants Kalamazoo County, Jelsomeno, Zywicki, Dow, Boven, and Mitcavish are TERMINATED from this action.

Dated:  September 13, 2024                                    /s/ Jane M. Beckering
                                                             JANE M. BECKERING
                                                             United States District Judge